UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01143 DMG (MRWx)** | Date | April 10, 2012 |
|---|---|---|---|
| Title | ***Steven Escobar, et al. v. Wells Fargo Bank, N.A., et al.*** | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

## I.
## INTRODUCTION

On February 9, 2012, Defendant Wells Fargo Bank, N.A. removed this action from state court, asserting subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332(a).

## II.
## DISCUSSION

### A.   Federal Question Jurisdiction

Wells Fargo maintains that there is federal question jurisdiction based on Plaintiffs' "allegations regarding [its] purported violation of the Home Affordable Modification Program ('HAMP')." (Notice of Removal at 2-3 [Doc. # 1].) Plaintiffs' causes of action—for fraudulent misrepresentation and promissory estoppel—arise under state law.[1] In essence, Plaintiffs allege that Wells Fargo promised them that it would review their applications for a loan modification under the applicable HAMP guidelines in good faith but failed to do so.

"[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Federal courts have roundly agreed that Congress did not intend HAMP to afford a

---

[1] Plaintiffs also raise "causes of action" seeking declaratory and injunctive relief, which are actually remedies predicated on Plaintiffs' substantive claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-01143 DMG (MRWx) | Date | April 10, 2012 |
|---|---|---|---|

| Title | *Steven Escobar, et al. v. Wells Fargo Bank, N.A., et al.* | Page | 2 of 2 |
|---|---|---|---|

private right of action. *See, e.g.*, *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1066 (N.D. Cal. 2011); *Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116, 1122 (D. Ariz. 2011). Thus, it appears that Plaintiffs' claims do not give rise to federal question jurisdiction. *See, e.g.*, *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698-99 (E.D. Va. 2011) ("[W]hen presented with removed cases that allege state-law breach of contract and tort claims that merely reference HAMP guidelines and procedures, this Court has consistently held that it lacks federal-question subject-matter jurisdiction over such claims." (citations omitted)).

**B.     Diversity Jurisdiction**

Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006), Wells Fargo asserts that as a national banking association it is solely a citizen of the state in which its main headquarters are located. (Notice of Removal at 5.) Thus, Wells Fargo maintains that it is solely a citizen of South Dakota because its articles of association designate its headquarters in Sioux Falls, South Dakota. (*Id.* at 5, Ex. C.) *Schmidt*, however, expressly declined to hold that a national banking association's citizenship is limited to the state in which its main office is located as set forth in its articles of association. 546 U.S. at 315 n.8.

On January 13, 2012, this Court issued a decision in *Rouse v. Wachovia Mortgage, FSB*, No. CV 11-00928 DMG (DTBx), 2012 WL 174206, 2012 U.S. Dist. LEXIS 6962 (C.D. Cal. Jan. 13, 2012) [Doc. # 43], in which it found that because Wells Fargo's principal place of business is in California, it is also a citizen of the state of California. The Court thereupon remanded the case to state court. Given that Plaintiffs are California citizens (Notice of Removal at 4-5) and pursuant to this Court's reasoning in *Rouse*, it appears that the parties are not diverse.

**III.
CONCLUSION**

In light of the foregoing, Wells Fargo is **ORDERED TO SHOW CAUSE** why this action should not be remanded for lack of subject matter jurisdiction. Wells Fargo shall file its response on or before **April 20, 2012**. All deadlines are stayed pending resolution of the jurisdictional issue.

**IT IS SO ORDERED.**